E-FILED
Wednesday, 12 August, 2026  03:07:25 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| RONALD COMAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 26-1331 |
| | ) | |
| CAROTHERS, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se and presently incarcerated at Pontiac Correctional Center, was granted leave to proceed *in forma pauperis*. The matter is before the Court for screening pursuant to 28 U.S.C. § 1915A, and for ruling on Plaintiff's Motion to Request Counsel (Doc. 4), Motion for Leave to File Supplemental Complaint (Doc. 7), and Motion for Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order (Doc. 8).

**Motion for Leave to File a Supplemental Complaint (Doc. 7)**

Plaintiff's proposed supplemental complaint alleges constitutional violations regarding her medical care without reference to the other allegations she made in her original

Page **1** of **10**

complaint.[1] If Plaintiff desires to amend or supplement her complaint, she must file a motion seeking such relief and attach a proposed amended complaint that contains all allegations against all defendants she intends to sue. The Court does not accept piecemeal amendments. Plaintiff's motion is denied without prejudice. The Court does not consider the allegations in her proposed supplemental complaint in screening her original complaint below.

### Screening Pursuant to 28 U.S.C. § 1915A

The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id.

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are

---

[1] Plaintiff alleges that she is a transgender female housed at Pontiac Correctional Center. For that reason, the Court addresses Plaintiff with the pronouns she/her.

insufficient—the facts alleged must "state a claim for relief that is plausible on its face." <u>Alexander v. U.S.</u>, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that she is a transgender female. She alleges that Pontiac has a practice of housing protective custody inmates in the general population's disciplinary segregation unit. She alleges that, while so housed, she was afraid to go to the recreational yard for fear of sexual assault. She alleges that prison officials ignored her grievances regarding the issue and that another inmate thereafter threw liquid into her eyes. Plaintiff alleges that officials refused to address her concerns after other protective custody inmates threatened her.

Plaintiff alleges that Defendant Perrin pushed her head into the metal frame of a holding cell in April 2026, causing her to lose consciousness and suffer a concussion. She alleges also that officials refused to honor a medical permit for a low gallery because of a seizure disorder.

The Seventh Circuit has recommended that district courts resolve whether joinder is proper under Fed. R. Civ. P. 20 before considering the merits of a plaintiff's claims. <u>Dorsey v. Varga</u>, 55

F.4th 1094, 1107 (7th Cir. 2022). Prison officials may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and the litigation presents "a question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2). District courts have "considerable flexibility in managing and structuring civil litigation for fair and efficient resolution of complex disputes." UWM Student Ass'n v. Lovell, 888 F.3d 854, 863 (7th Cir. 2018). A court "may deny joinder under [Fed. R. Civ. P. 20] if the addition of the party...will not foster the objectives of the rule, but will result in prejudice, expense, or delay." Id. (quotations omitted).

Plaintiff appears to allege an Eighth Amendment failure-to-protect claim against supervisory officials for the promulgation and execution of a housing policy she alleges subjects her to an unreasonable risk of attack from other inmates, an Eighth Amendment excessive force claim, and an Eighth Amendment claim for deliberate indifference to a serious medical need against non-medical prison officials for the alleged refusal to honor a medical permit.

The housing and medical claims could potentially be related insofar as they affected prison officials' decisions regarding where to house Plaintiff. The excessive force claim does not appear to be sufficiently related to either of those claims to permit litigation in the same lawsuit. In other words, the alleged harm Plaintiff suffered from Defendant Perrin did not arise from the same risk of harm alleged in her failure-to-protect claims, nor does it appear that this defendant made decisions regarding Plaintiff's housing.[2]

The Court finds that joinder of all three claims is not appropriate in this case. Plaintiff's complaint is dismissed with leave to amend as directed below to permit Plaintiff the opportunity to clarify her allegations and provide any additional information he desires the Court to consider. Dorsey, 55 F.4th at 1107 ("We suggest a district court faced with misjoined claims begin...by

---

[2] Plaintiff's allegations also suggest that the grievance process regarding her claims is still ongoing. A plaintiff may not exhaust administrative remedies while a case is pending, and Plaintiff is advised that the Court must dismiss any claims that are not fully exhausted prior to filing suit once and if the issue is presented to the Court. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020); *Ford v. Johnson*, 362 F.3d 395, 398-400 (7th Cir. 2004). If Plaintiff has not yet fully exhausted her available administrative remedies, she may avoid any adverse consequences stemming from those issues by moving to voluntarily dismiss this case without prejudice and refiling the case once the grievance process is complete.

striking the complaint, explaining the misjoinder, and giving the plaintiff at least one chance to fix the problem.").

**Plaintiff's Motion for Preliminary Injunction (Doc. 8)**

Plaintiff filed a motion alleging that Defendant Perrin sexually assaulted her during a search attendant to a medical visit on August 7, 2026. Plaintiff asks the Court to direct prison officials to transfer her to another prison and to create a disciplinary segregation designed to house protective custody inmates exclusively.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997); accord Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right"). To prevail, "the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted." Foodcomm Int'l v Barry, 328 F.3d 300, 303 (7th Cir. 2003) (citations omitted). If the moving party meets the first three

requirements, then the district court balances the relative harms that could be caused to either party. Incredible Tech., Inc. v. Virtual Tech., Inc., 400 F.3d 1007, 1011 (7th Cir. 2005).

The Prisoner Litigation Reform Act (PLRA) limits the scope of the court's authority to enter an injunction in the corrections context. Westefer v. Neal, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); see also Westefer, 682 F.3d at 683 (the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage." (internal quotation marks and citation omitted)).

The purpose of a temporary restraining order and ultimately a preliminary injunction is to preserve the status quo pending a final hearing on the merits of the case. American Hospital Ass'n v Harris, 625 F.2d 1328, 1330 (7th Cir. 1980). The relief Plaintiff seeks here is different. The Seventh Circuit has described the type of

injunction Plaintiff seeks, where an injunction would require an affirmative act by the defendant, as a mandatory preliminary injunction. Graham v. Med. Mut. of Ohio, 130 F.3d 293, 295 (7th Cir. 1997). Mandatory injunctions are "cautiously viewed and sparingly issued," because they require the court to command a defendant to take a particular action. Id. (citing Jordan v. Wolke, 593 F.2d 772, 774 (7th Cir. 1978)).

Plaintiff has not yet stated a claim upon which relief can be granted, and the event she alleges in the present motion is a separate and unrelated incident that requires litigation in a separate lawsuit and for her to exhaust her administrative remedies prior to filing suit. See Pacific Radiation Oncology, LLC v. Queen's Medical Ctr., 810 F.3d 631, 636 (9th Cir. 2015) ("[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint."). The Court also lacks authority to grant injunctive relief without notice to the adverse party or a showing as to why notice should not be required. Fed. R. Civ. P. 65(a)-(b). Plaintiff has not made the necessary showing.

The Court finds that Plaintiff has not shown a reasonable likelihood of success on the merits and that the Court lacks authority to grant the relief she seeks. Plaintiff's motion is denied. The Court, however, will send a copy of Plaintiff's motion to Pontiac's warden to provide the warden with an opportunity to take any necessary action.

### Motion to Request Counsel (Doc. 4)

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the Court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it herself? <u>Pruitt v. Mote</u>, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that she made a reasonable effort to obtain counsel on her own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Because Plaintiff has not satisfied the first prong, the Court does not address the second.

Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's

motion is denied with leave to renew.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion to Request Counsel [4] is DENIED with leave to renew.**

2) **Plaintiff's Motions [7][8] are DENIED.**

3) **Plaintiff's complaint is dismissed pursuant to Fed. R. Civ. P. 20 and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

4) **Clerk is directed to send Plaintiff a blank complaint form.**

5) **Clerk is directed to send a copy of Plaintiff's Motion for Preliminary Injunction [8] and a copy of this Order to the warden at her place of incarceration.**

Entered this 12th day of August, 2026.


_s/Sue E. Myerscough_
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE